UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FREEDOM FOUNDATION,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>INTERNATIONAL BROTHERHOOD OF<br>TEAMSTERS LOCAL 117, et al.,<br><br>　　　　　　　　Defendants. | CASE NO. 3:22-cv-05273-DGE<br><br>ORDER ON MOTION FOR SUMMARY JUDGMENT (DKT. NO. 58) |

　　　　Before the Court is a motion for summary judgment filed by Defendant Jay Inslee in his official capacity as Governor of the State of Washington. (Dkt. No. 58.) Defendant Inslee argues Plaintiff Freedom Foundation lacks standing on Count II of its complaint, which alleges a "fail[ure] to provide procedural safeguards to ensure adequate protection of public employees' First Amendment rights" (Dkt. No. 1 at 16). (Dkt. No. 58 at 1–2.) In the alternative, Defendant Inslee contends Count II fails as a matter of law. (*Id.* at 8.) Count II is the only cause of action asserted against Defendant Inslee in the complaint.

ORDER ON MOTION FOR SUMMARY JUDGMENT (DKT. NO. 58) - 1

Importantly, the Court dismissed the same claim as against the Union Defendants in granting the Union Defendants' motion for summary judgment. (Dkt. No. 54 at 1, 3.) Specifically, the Court concluded Plaintiff did not have organizational standing because Plaintiff failed to show frustration of its organizational mission or diversion of resources. (*Id.* at 5–6.) The Court also concluded Plaintiff did not have third party standing because Plaintiff did not have a sufficiently close relationship with third party public employees. (*Id.* at 6–7.)

Plaintiff's response to the instant motion for summary judgment does not remedy these shortcomings, and, accordingly, the Court reaffirms its conclusion that Plaintiff lacks standing. (*Id.* at 4–7.) Indeed, Plaintiff relies almost entirely upon the same factual record in opposing the instant motion as it relied upon in opposing the Union Defendants' motion, but for a second declaration from the Freedom Foundation's National Outreach Director that lists services provided by the Freedom Foundation to public employees, states that the Freedom Foundation does not require public employees to pay for its services, and states that the Freedom Foundation raises funds from donors. (Dkt. No. 59-1 at 2.) These factual assertions do not change the Court's conclusion regarding the absence of organizational and third party standing.

For instance, the new declaration says nothing about Plaintiff's organizational mission (*see generally* Dkt. No. 59-1); on that basis alone, the Court's prior finding that Plaintiff lacks organizational standing (Dkt. No. 54 at 6) remains unchanged.[1] And, while the declaration contains facts regarding its fundraising (*see* Dkt. No. 59-1 at 2) in an apparent attempt at

---

[1] Plaintiff argues it should be afforded a jury trial on the question of "whether its core mission included facilitating employees' disassociating from the union." (Dkt. No. 59 at 17.) However, "[t]o survive [a] summary judgment motion," it was Plaintiff's burden to "submit affidavits or other evidence" establishing the elements of standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 563 (1992); *see also Scott v. Pasadena Unified School Dist.*, 306 F.3d 646, 655 (9th Cir. 2002) (the burden of establishing standing "at all times" remains "with the party invoking federal jurisdiction"). Plaintiff has not met that burden.

showing a sufficiently close relationship for third-party standing (Dkt. No. 59 at 15–16), the Court is unpersuaded by Plaintiff's argument that the Foundation's fundraising to support its services to public employees renders Plaintiff's relationship with those public employees analogous to a vendor-client relationship.[2]  The Court therefore cannot find Plaintiff has established third party standing.

As Plaintiff fails to establish standing, Defendant Inslee's motion for summary judgment (Dkt. No. 58) is GRANTED.

Dated this 17th day of November 2023.

David G. Estudillo
United States District Judge

---

[2] The only binding authority to which Plaintiff cites in support of its contention that it has a sufficiently close relationship with public employees is a case that the Court already found involved entirely different circumstances than those presented here.  (Dkt. No. 54 at 7.)

ORDER ON MOTION FOR SUMMARY JUDGMENT (DKT. NO. 58) - 3